UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENYA COBB,

Plaintiff,

-against-

UNITED STATES POSTAL SERVICE; SORAYA WATSON, SUPERVISOR; KURT ROBINSON, APWU UNION PRES.,

Defendants.

25-CV-10221 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action alleging that her employer, the United States Postal Service ("USPS"), retaliated against her. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint with 36 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, and include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Named as defendants in this matter are (1) the USPS; (2) Soraya Watson, Plaintiff's supervisor; and (3) Kurt Robinson, the "APWU President," which the Court understands to be the American Postal Workers Union. Plaintiff used the court's Employment Discrimination Complaint Form to initiate this action, and she checks the boxes indicating that the USPS: (1) "provided her with terms and conditions of employment different from those of similar employees"; and (2) "retaliated against" her, but she left blank the boxes indicating the basis for the retaliation she allegedly experienced. (ECF 1 at 3-5.)

Plaintiff's handwritten complaint is difficult to read, but there are two attachments arising from an Equal Employment Opportunity Commission ("EEOC") matter that provide some context for her claims: (1) a June 11, 2025 notice of right to file an EEOC "pre-complaint"

indicates that Plaintiff alleged discrimination based on "reprisal" arising from management's failure to reimburse her for expenses for "traveling between offices"[1] (*id.* at 17); and (2) a September 23, 2023 order or the EEOC that dismissed the matter as a sanction for Plaintiff's failure to comply with orders issued by an administrative law judge. (*Id.* at 9-15.)[2] According to Plaintiff, she "lost" an administrative matter before the EEOC, then "refiled" and "won" a "max cut settlement," but is "still . . . owed 2 years travel funds." (*Id.*) Plaintiff further claims that her supervisors gave "mislead[ing]" and "false" information to the EEOC, which caused her to "los[e] wages." (*Id.* at 5-6.)

Plaintiff seeks retroactive pay and reimbursement, and money damages. (*Id.* at 7.)

## DISCUSSION

### A. Employment discrimination claims against USPS

To the extent Plaintiff seeks to assert a claim under a federal antidiscrimination statute, the Court dismisses such a claim because Plaintiff does not allege facts showing that the USPS or the APWU discriminated or retaliated against her. Federal law contains various employment discrimination statues, such as Title VII of the Civil Rights Act of 1964, which prohibits discrimination based on race, color, religion, sex, and national origin; the Rehabilitation Act, which prohibits discrimination based on disability;[3] and the Age Discrimination in Employment

---

[1] That document informed Plaintiff that she had 15 days to file a formal administrative complaint with the EEOC, but it is not clear whether she ever did so.

[2] Also attached to the complaint are emails between Plaintiff and Defendant Watson regarding travel reimbursement (*Id.* at 23-27), and more than 100 pages of what appear to be timesheets. (*Id.* at 28-183.)

[3] Federal employees have no remedy under the Americans With Disabilities Act ("ADA") for disability discrimination. *See Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998) (holding that "federal employee[s] ha[ve] no remedy for employment discrimination under the" ADA).

Act of 1967, which prohibits discrimination on the basis of age. These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chislett v. New York City Dep't of Educ.*, 157 F.4th 172, 187 (2d Cir. 2025) ("[T]he plaintiff must establish that the hostile work environment was due to her protected characteristic.").

Here, Plaintiff does not indicate the statutory basis of her claims, and she does not state the protected characteristic that forms the basis of any alleged discrimination. Moreover, Plaintiff's allegations contain no indication that she was discriminated against based on a characteristic protected by one of the federal employment discrimination statutes. Plaintiff alleges only that Defendant discriminated against her based on "reprisal," and that the result was that she was not reimbursed for travel expenses. (ECF 1 at 17.) Because Plaintiff has not alleged facts suggesting that a protected characteristic in any way involved in any adverse employment decision, the complaint fails to give rise to an employment discrimination claim, and the Court dismisses any such claims against the USPS for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Individual defendants**

Plaintiff names as defendants Soraya Watson, her USPS supervisor; and Kurt Robinson, the APWU President. Plaintiff's complaint does not comply with Rule 8 with respect to her claims against these Defendants because she alleges no facts describing what these Defendants

did or failed to do that violated her rights. In fact, aside from their inclusion in the list of defendants, these individuals are not mentioned at all in the complaint. Plaintiff is instructed that the "only proper defendant in a Title VII action by a USPS employee is the Postmaster General." *Krul v. Brennan*, 501 F. Supp. 3d 87, 96 (N.D.N.Y. 2020) ("Title VII does not impose individual liability . . . .").

The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint, should additional facts exist to support her claims against the USPS and the APWU.[4] Any amended complaint Plaintiff files must comply with Rule 8's requirement that it include a short and plain statement showing that she is entitled to relief against each defendant. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.[5]

---

[4]. For federal employees, Title VII preempts state law claims of discrimination. *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998); *Song v. Becerra*, No. 22-CV-9678 (JGLC), 2022 WL 17618485, at *1 (S.D.N.Y. Dec. 13, 2022).

[5] The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the CBJC's intake form. The CBJC is a private organization that is not part of the court, and the

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 36 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 3, 2026
New York, New York

Louis L. Stanton
Louis L. Stanton
U.S.D.J.

---

CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________________

_______________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☐ Yes ☐ No

_______________________________________________

_______________________________________________

_______________________________________________

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

# I. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City State Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City State Zip Code

Defendant 3:

Name

Address where defendant may be served

County, City State Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Name

Address

County, City State Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: ____________________

☐ color: ____________________

☐ religion: ____________________

☐ sex: ____________________

☐ national origin: ____________________

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: ______________________________________

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: __________________

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: ____________________________

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: ____________________________

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____________________________________________________________

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐ did not hire me

☐ terminated my employment

☐ did not promote me

☐ did not accommodate my disability

☐ provided me with terms and conditions of employment different from those of similar employees

☐ retaliated against me

☐ harassed me or created a hostile work environment

☐ other (specify): ______________________________

______________________________________________

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? ____________________

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? ____________________

When did you receive the Notice? ____________________

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

____________________

____________________

____________________

____________________

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;
2. I have established a PACER account;
3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;
4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;
5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and
6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

________________________________________

________________________________________

Name (Last, First, MI)

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number | E-mail Address |
|---|---|

| Date | Signature |
|---|---|

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007